IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | NO. 3:19-cr-00110 |
| v. | ) | JUDGE RICHARDSON |
| | ) | |
| MARIO HAWKINS | ) | |

# MEMORANDUM OPINION & ORDER

Pending before the Court is Defendant's Motion to Suppress (Doc. No. 25, "the Motion"). Via the Motion, Defendant seeks to suppress all evidence obtained by Metropolitan Nashville Police Department officers as a result of a warrantless stop and search of his person and vehicle on December 5, 2018, because he alleges that the evidence was obtained in violation of his Fourth Amendment rights. The Government has filed a response (Doc. No. 26). Defendant did not reply. Therefore, this matter is ripe for decision.

## FACTUAL BACKGROUND

In December 2018, after a several months-long investigation, detectives with the Metropolitan Nashville Police Department Specialized Investigations Unit, decided to arrest Defendant. On December 5, 2018, detectives established surveillance at Defendant's residence to effectuate his arrest. The detectives observed Defendant exit his residence and enter the driver's seat of a silver Nissan Pathfinder ("the vehicle"). Defendant was the sole occupant of the vehicle. The detectives then observed Defendant drive the vehicle through the parking lot of a Mapco gas station to avoid a red light, and the detectives initiated a traffic stop. As the detectives approached the vehicle, they observed Defendant throw a plastic bag that appeared to contain a gray and white powdery substance onto the floorboard of the passenger side of the vehicle. Upon this observation, the detectives detained Defendant and retrieved the plastic bag from the passenger side floorboard.

The plastic bag contained two smaller plastic bags, and a field test of their contents conducted by the detectives at the scene revealed positive test results for heroin and cocaine. The arresting officer also discovered a firearm under the dashboard between the driver's seat and the passenger seat.

**ANALYSIS**

The basis of Defendant's motion to suppress is that the detectives did not have probable cause or reasonable suspicion of a crime when they conducted a warrantless traffic stop of Defendant; therefore, according to Defendant, the stop was in violation of Defendant's Fourth Amendment rights and all evidence seized as fruits of the illegal stop should be suppressed.

Every circuit—except for the Sixth Circuit—has held that reasonable suspicion suffices to justify an investigatory stop for a traffic violation. *United States v. Simpson*, 520 F.3d 531, 540 (6th Cir. 2008) (collecting cases). The Sixth Circuit, however, applies "the probable cause standard to 'completed' misdemeanor traffic violations." *United States v. Jeffries*, 457 F. App'x 471, 477 (6th Cir. 2012) (citing *United States v. Hughes*, 606 F.3d 311, 316 n.8 (6th Cir. 2010)).[1]

The Sixth Circuit defines probable cause as "reasonable grounds for belief, supported by less than *prima facie* proof but more than mere suspicion." *United States v. Bennett*, 905 F.2d 931, 934 (6th Cir. 1990). If an officer has probable cause to believe that a "completed" traffic violation has occurred, the resulting stop is not unlawful and does not violate the Fourth Amendment, regardless of whether the traffic violation was the true motivation for the stop. *See Heien v. North Carolina*, 135 S. Ct. 530, 539 (2014) (citing *Whren v. United States*, 517 U.S. 806, 813 (1996)).

Nashville Metropolitan Ordinance 12.16.210 states, "[t]he driver or operator of any vehicle

---

[1] The Sixth Circuit applies the reasonable-suspicion standard to misdemeanor traffic violations that are "ongoing." *Id.* (citing *Simpson*, 520 F.3d at 540). However, the violation here at issue was not an "ongoing" violation but rather a completed one.

shall not drive upon or through any private property or upon or through any driveway not a part of the street or roadway for the purpose of avoiding obedience to any traffic regulation or ordinance of the metropolitan government." The Government argues that Defendant's act of driving through the Mapco parking lot to avoid a red light, which the detectives observed, violated this ordinance and clearly gave the detectives probable cause to initiate a traffic stop of Defendant. (Doc. No. 26 at 2).

In his Motion, Defendant does not dispute the fact that he drove through the Mapco parking lot to avoid a red light.[2] Instead, he argues that the detectives did not have the requisite probable cause of a crime to render any subsequent traffic stop constitutional because he "did not commit a crime in driving by the Mapco." (Doc. No. 25 at 3). Defendant is incorrect. The Court finds that when Defendant (undisputedly) drove through the Mapco parking lot, the detectives clearly had probable cause to believe that Defendant violated Nashville Metro Ordinance 12.16.210. Thus, the following traffic stop was not unlawful, and did not violate the Fourth Amendment.

The purported illegality of the traffic stop is the only issue Defendant raises in his Motion. As the Court finds that resolution of this issue is clear, the Court will deny Defendant's Motion. Furthermore, the Court will deny Defendant's request for an evidentiary hearing. The Sixth Circuit has instructed as follows:

> A district court's decision whether to hold an evidentiary hearing for a motion to suppress is reviewed for an abuse of discretion. *See United States v. Lewis*, 40 F.3d 1325, 1332 (1st Cir. 1994); *United States v. Woods*, 995 F.2d 713, 716 (7th Cir.1993), *overruled on other grounds*, *Bailey v. United States*, 516 U.S. 137

---

[2] Often, a defendant seeking suppression of evidence will set forth argument as to why one or more officers' key factual allegations are false or at least should be viewed through a lens of suspicion, and thus should be tested via an evidentiary hearing including cross-examination of the officer(s). Defendant does not do that here, and he does not otherwise challenge the detectives' purported observation of Defendant's drive through the Mapco parking lot in any meaningful way. In fact, he did not even file a reply to the argument the Government presented in its response that Defendant's act was a clear violation of a Nashville Metro Ordinance. Therefore, for purposes of the Motion, the fact that Defendant drove through the Mapco parking lot is considered undisputed.

3

> (1995). Evidentiary hearings are not granted as a matter of course; they need only be held if the defendant alleges sufficient facts that, if proven, would justify relief. *See United States v. One 1965 Buick*, 392 F.2d 672, 678 (6th Cir.1968), *vacated on other grounds sub nom.*, *Dean v. United States*, 402 U.S. 937 (1971). Moreover, an evidentiary hearing is unnecessary when it can be determined without a hearing that suppression is improper as a matter of law. *See United States v. Chavez-Marquez*, 66 F.3d 259, 261 (10th Cir.1995); *Gentile v. County of Suffolk*, 926 F.2d 142, 148 (2d Cir.1991). Essentially, a hearing is required only if the motion is sufficiently definite, specific, detailed, and non-conjectural to enable the court to conclude that contested issues of fact going to the validity of the search are in question. *See United States v. Unimex, Inc.*, 991 F.2d 546, 551 (9th Cir.1993) (quoting *Cohen v. United States*, 378 F.2d 751, 761 (9th Cir.1967)); *United States v. Harrelson*, 705 F.2d 733, 737 (5th Cir.1983).

*United States v. Downs*, 173 F.3d 430 (6th Cir. 1999). Here, Defendant has not insinuated that the material fact—his cut through the Mapco parking lot—is not true. Nor does he set forth any reason to conclude that an evidentiary hearing with cross examination would be helpful to ferret out details that would possibly change the outcome here. In short, Defendant has simply not "alleg[ed] sufficient facts that, if proven, would justify relief." *Id*. (citing *One 1965 Buick*, 392 F.2d at 678); *see also United States v. Ickes*, 922 F.3d 708, 713 (6th Cir. 2019) (affirming the district court's denial of an evidentiary hearing because the defendant did "not dispute [] any of the facts relating to the search" and his argument was "entirely legal in nature" (quoting *United States v. Abboud*, 438 F.3d 554, 577 (6th Cir. 2006))); *United States v. McAndrews*, 12 F.3d 273, 280 (1st Cir. 1993) ("[A] criminal defendant who seeks an evidentiary hearing on a motion must, at the very least, carry an entry-level burden by making a sufficient threshold showing that material facts are in doubt or in dispute."). Consequently, Defendant's request for an evidentiary hearing is denied because the Court finds that such a hearing would be unnecessary due to the lack of any dispute of material fact.

**CONCLUSION**

For the above-stated reasons, the Court **DENIES** Defendant's Motion to Suppress (Doc. No. 25) without an evidentiary hearing.

IT IS SO ORDERED.

_____
ELI RICHARDSON
UNITED STATES DISTRICT JUDGE